R. T. M. SIMMONS *v.* BOARD OF SUPERVISORS OF SCOTT COUNTY.

1. ASSESSMENT FOR TAXES. *Increase by board of supervisors. Objection thereto. Appeal.*

   Section 499, code 1880, which provides that persons dissatisfied with any assessment must file objections with the board of supervisors at its August meeting, has no application to cases where land has been properly valued on the roll in the first instance ; and if the board at such meeting raises the valuation, the right afterwards to apply for a reduction is not lost by a failure to appeal in accordance with § 504, which requires appeals from any decision of the board as to assessments for taxes to be taken within five days after the adjournment of the meeting at which the decision is rendered.

2. SAME. *Objection to increase of assessment. Appeal.* Code 1880, §§ 507, 2351.

   In such a case the right of the owner to object at any time is secured by § 507, code 1880, which authorizes boards of supervisors, under certain circumstances therein specified and at any time, to reduce or increase assessments on the application of any interested person ; and an appeal from the decision of the board may be had, in accordance with § 2351, to the circuit court next ensuing.

FROM the circuit court of Scott county.

HON. A. G. MAYERS, Judge.

The appellant filed his petition before the board of supervisors of Scott county at its regular meeting in March, 1890, praying a reduction in the assessment of certain of his lands. His petition alleged that the lands were assessed in 1889 at fifty cents per acre, which was a fair and proper valuation ; that at the meeting of the board of supervisors in August of that year, held for the purpose of examining and approving the assessment roll, petitioner examined the roll and found no change in said assessment, but that afterwards, during the same meeting, the board, without notice to him, raised the assessment to $1 per acre, which he claims is an excessive valuation. The petition was sustained by the testimony of appellant and of the tax-collector, both of whom swore that fifty cents an acre was a proper valuation of the lands. The appellant also testified that since the assessment he had sold a large quantity of said land on a credit of fifty cents per acre, and that he was willing to take that price for all of it.

It is admitted that the assessment was raised by the board of supervisors at its meeting in August, 1889, as alleged in the petition. The board having refused the application, petitioner appealed to the next term of the circuit court. Counsel for the board of supervisors moved the circuit court to dismiss the appeal because not taken within the time prescribed by law, their contention being that the right of appeal must be controlled by § 504 of the code, which provides that appeals from any decision of the board of supervisors as to assessments for taxes must be taken within five days after the adjournment of the meeting at which the decision complained of is rendered. This motion was sustained and the appeal dismissed, and from this action of the circuit court petitioner appeals.

Section 499 of the code of 1880 provides among other things that "any person dissatisfied with any assessment may file his objections thereto in writing on or before the first Monday in August, which shall be filed by said clerk and preserved with said rolls, and any person failing to file objections as herein provided for shall be concluded by said assessment, and precluded from questioning its validity after the approval of such assessment roll by the board of supervisors."

By § 503 of said code it is provided that the board of supervisors of each county shall hold a meeting at the court house on the first Monday of August to hear objections to the assessment and to examine the same; and by § 504 the right is given to any person aggrieved by any decision of the board as to the assessment of taxes to appeal to the circuit court within five days after the adjournment of the meeting at which the decision is made. Section 2351, code 1880, is the general statute providing for appeals from any judgment or decision of the board of supervisors to the next term of the circuit court, and regulating the practice on such appeals.

*J. K. P. Palmer*, for appellant.

The only testimony in this case was that of petitioner and the tax-collector, and they testify that fifty cents per acre is a fair market price for the land.

The motion to dismiss the appeal seems to have been made upon the idea that an application of this kind cannot be made after the roll has been approved by the board of supervisors. If this is the law, then § 507 of the code is meaningless. We rely on this section of the code. See *Anderson* v. *Ingersoll,* 62 Miss. 73, and *Johnson* v. *Bond,* MSS. Op.

*T. M. Miller,* attorney-general, for appellee.

Appellant failed to avail himself of his right of appeal within five days after the August term, 1889, and is therefore barred. He cannot have two rights of appeal from the same judgment. Yet if this present appeal is sustained he will, in effect, be appealing from the previous judgment in his case. Section 507 gives the board discretion absolutely, without right of appeal, to reduce an over assessment resulting from oversight or accident, but it cannot apply to the case of a deliberate judgment of their own from which a right of appeal was expressly allowed. This section at best merely gives them the power to correct a wrong complained of where the right of appeal is lost.

Aside from these considerations the dismissal of the appeal was right, because the land not being in a town it was not for the petitioner to say it was worth only fifty cents an acre. Under the act of 1888 (Laws 1888, p. 22) the question was what quality of land was it. The classification of land under this act is conclusive, and it is immaterial what it was actually worth.

CAMPBELL, J., delivered the opinion of the court.

The appeal of Simmons from the refusal by the board of supervisors to reduce the assessment complained of was dismissed on the ground that the action of the board increasing the valuation of the land one hundred per centum at its August term, 1889, should have been appealed from within five days, or else it was final and conclusive and not to be questioned thereafter, even in the state of case provided for by § 507 of the code.

This is an erroneous view of the law. Section 507 was made for just such a case as this, among others. The citizen whose property

is properly valued on the assessment roll has no occasion to file objections, as provided by § 499 of the code, or to attend the meeting of the board, as contemplated by § 503, and, if wrong is done him by increasing the value of his property unduly, he may apply to the board to correct the wrong and have his complaint heard and decided, and may appeal from an adverse decision under § 2351 of the code.

*Reversed and remanded.*