REUBEN W. MILLSAPS ET AL. *v.* CITY OF JACKSON.

1. TAXATION. *Situs. Personal property. Executors.*

Personal property belonging to the estate of a decedent, in the hands of his executors, should be assessed for taxation at the domicile of the testator in his lifetime, without reference to the domicile of the executors.

2. SAME. *Trustees.*

Where personal property has passed from the hands of the executors of a decedent into the custody of trustees, for its management under the terms of a will, it should be assessed for taxation at the domicile of the trustees, without reference to the domicile of the testator in his lifetime, or of the executors.

FROM the circuit court, first district, of Hinds county.

HON. ROBERT POWELL, Judge.

The city of Jackson, appellee, was the plaintiff, and Millsaps and others, appellants, were defendants there. The case arose from the following state of facts: The late W. H. Tribbette was a resident citizen of the town of Terry, Hinds county, Miss. He died November 17, 1897, leaving a will by which he devised a large estate, including valuable personal property and many thousands of dollars in stocks and bonds, to his executors, Reuben W. Millsaps, Samuel S. Carter and Eugene Simpson, appellants, the two former of whom resided in and were citizens of the city of Jackson, said county and state, and the latter of said town of Terry. By the terms of the will the executors were speedily to close the administration and turn the stocks, bonds and other personal property over to themselves as trustees, for its management, as directed in the will. The administration of the estate was closed February 8, 1899, after which date the said Millsaps, Carter and Simpson held the property as trustees.

·The suit was brought by the city of Jackson, against said appellants, to recover municipal taxes for the years 1898 and 1899. The court below held, since two of the three executors and trustees lived in Jackson, that the city could recover municipal taxes on two-thirds of the property, and judgment was rendered accordingly, from which the defendants appealed to the supreme court.

*Alexander & Alexander* and *Green & Green*, for appellants.

It is not the domicile of the executors which determines the place of taxation of the property, though situated in Jackson. It is the home of the decedent. The idea all through matters testamentary is that the domicile, the home, of a decedent, is the proper place for disposition of all matters, financial or otherwise, connected with the estate. For instance, wills must be probated in the county where the decedent lived, letters testamentary are to be granted there. It is the home of the decedent which the lawmakers in all ages have had in mind when they restrict the administration preferably to the county in which the testator had a fixed place of residence. True that both towns in the case at bar are in Hinds county, but this court can readily see that cases will continue to arise where executors reside in different counties from the county where the estate of which they have control is situated. It is at the home of the decedent rather than at any other place that decedent is best known, his business affairs and enterprises known, and all his transactions started. One desiring to gain knowledge of his estate naturally seeks out his domicile. It is there in his lifetime that he pays taxes on his personalty, on his money on deposit or at interest, whether in or out of the state invested. It is at his domicile that in his lifetime the tax assessor can get the best idea of what the taxes on his personalty should be. And after his death the executor must himself go to the home of decedent and be often present there, in person or by his at-

torney, to satisfactorily gain knowledge of and attend to the business of the estate.

The following authorities uphold us in our contention that Terry, the home of the decedent, and not Jackson, is where the taxes of the estate should be paid during the administration of the estate. Story's Conflict of Laws, 638; Desty on Taxation, 335; *City of Baltimore* v. *Patterson*, 50 Md., 371; 1 Desty on Taxation, 332; *Ib.*, 334; Burroughs on Taxation, 224; Cooley on Taxation (2d ed.), 376; DosPassos on Inheritance Law (2d ed.), 147; Welty on Assessment, sec. 39; Hilliard on Taxation, sec. 85; *Caldwell* v. *Todd*, 38 Conn., 443; *Revere* v. *Boston*, 123 Mass., ——; *Stephens* v. *City of Booneville*, 34 Mo., 323; *Staunton* v. *Stout*, 86 Va., 322; Re Hight, 32 App. Div., 496, s. c. 53 N. Y. Sup. 226; *Campbell* v. *Tax Commissioner*, 38 Hun, 539; *Avery* v. *De Witt*, 72 Mich., 25; *Fairfield* v. *Woodmen*, 76 Maine, 550; *State* v. *Brim*, 4 Jones Eq., 301; *McGreggor* v. *Vaupel*, 24 Ia., 436.

*Harper & Potter*, for appellee.

The general rule of taxation is that the property is subject to taxation at the domicile of the owner, and immediately on the death of a decedent and the appointment of his representative, the legal title immediately passes to such representative, and he becomes the owner in trust as much so as any trustee, and he is the owner for the purpose of determining the situs of the property for taxation. The cases on this point are numerous, and we cite them, as follows: *Gallatin* v. *Alexander*, 10 Lea, 475 (Tenn.); *Cameron* v. *Burlington*, 56 Iowa, 320; *State* v. *Holmbel*, 39 N. J. L., 79; *State* v. *St. Louis Co.*, 47 Mo., 594; *Baldwin* v. *Shine*, 84 Ky., 502; *State* v. *Carson*, 50 N. J. L., 381; *Sommers* v. *Boyd*, 48 Ohio State, 648; *Clark* v. *Powell*, 62 Vt., 642; *Johnson* v. *Oregon City*, 10 Oregon, 327; *Pittsfield* v. *Exeter*, 41 Atl. Rep. 82; *State* v. *Matthews*, 10 Ohio State, 431.

The cases holding the opposite view are as follows: *San*

*Francisco* v. *Lux*, 64 Cal., 481; *Cornwall* v. *Todd*, 38 Conn., 447; *Staunton* v. *Stout*, 86 Va., 321; *McGreggor* v. *Vaupel*, 24 Iowa, 436; *Smith* v. *Northampton*, 4 Cush., 1. The Iowa case above cited is overruled, however, by the case in 56 Iowa first above cited. The Massachusetts case, in 4 Cushman, is decided under a statute which expressly declares that the per-sonalty in the hands of the legal representatives shall be taxed only at the domicile of the decedent. The three remaining cases are in point. We further insist that if there be any question of the common law as to the proper place of taxation of intangible personal property in the hands of the executor, that our statute virtually settles it by providing as follows:

"(3755) The assessor shall call upon each person liable to taxation of his county for a list of his taxable personal property, either in person or by leaving a written notice at his usual place of residence or business, and each person shall, when required, make out and deliver to the assessor a true list of his taxable personal property, with the value of each article, specifying all such property of which he was possessed on the first day of February preceding, in his own right or in right of his wife, or as executor, administrator, guardian, trustee, or otherwise, rendering separate lists of the property of each."

This statute is substantially identical with the statutes in Iowa and Ohio, and passed upon by the supreme courts in their states in the two cases already quoted from above.

The second question as to where intangible personal property is taxable after it passes from the hands of the executor into the hands of the trustees, seems to be well settled, all of the authorities concurring in the view that the situs is fixed by the domicile of the trustees, and that where there are two or more trustees, having different domiciles, that the taxes must be apportioned. "Taxation," 25 Am. & Eng. Enc. L. (1st ed.), 153, and cases there cited.

Argued orally by *Chalmers Alexander* and *M. Green*, for appellants, and *W. R. Harper*, for appellee.

WHITFIELD, C. J., delivered the opinion of the court.

The testator lived at Terry, in Hinds county, and was domiciled there at the time of his death.    Two of his executors live in Jackson, said county, and one in Terry.    The question is, shall stocks and bonds belonging to said testator (Tribette), in his executor's hands, be assessed for taxation whilst being administered by his executors as executors at the domicile of the testator, or to the executors at their respective domiciles, it being conceded that they must be assessed to the appellants, whilst acting as trustees after the termination of their duties as executors, at their respective domiciles.    We think the weight of authority is that the stocks and bonds and like personal property should be assessed at the domicile of the testator, and, therefore, so hold.    We also hold that said property should be assessed to appellants, in their character of trustees, at the respective domiciles of the trustees.

It follows that the judgment is affirmed as to the assessment against the trustees, but as to the judgment against the appellants in their capacity as executors, it is reversed and a judgment will be entered here dismissing this suit as to that, since the city of Jackson is the only plaintiff.    The town of Terry is entitled to these taxes, which should be promptly paid, or proper provisions taken to enforce payment.

*So ordered.*