MARTIN JENNINGS *v.* COAHOMA COUNTY.

1. TAXATION. *Assessment. Property brought into state. Stocks of merchandise. Laws* 1896, *ch.* 38, *p.* 55.

Property, other than stocks of merchandise, brought into the state after February 1 of any year is not taxable for that year; stocks of merchandise so brought into the state are made liable for a proportionate part of the current year's taxes by chapter 38, laws 1896. (Laws 1896, p. 55.)

2. SAME. *Relief. Code* 1892, § 3799. *Personal property.*

Code 1892, § 3799, authorizing the board of supervisors to grant relief from wrongful assessments, applies to an assessment of personal as well as of real property.

3. APPEAL. *Board of supervisors. Assessments. Code* 1892, §§ 79, 80.

Code 1892, § 79, authorizing appeals to the circuit court from judgments of the board of supervisors, applies to appeals generally, while code 1892, § 80, on the same subject, regulates appeals from judgments relating to assessments of property for taxation.

4. SAME.

*Simmons* v. *Scott County*, 68 Miss., 37, explained.

FROM the circuit court of, second district, Coahoma county.
HON. FRANK E. LARKIN, Judge.

This suit was begun by Jennings, appellant, filing an application before the board of supervisors of Coahoma county, appellee, for relief from an erroneous assessment for taxation of personal property. The board denied the relief and Jennings appealed from its judgment to the circuit court, which court dismissed the appeal, and Jennings appealed to the supreme court. The facts are fully stated in the opinion.

*R. H. Wildberger*, for appellant.

It is only the taxable property brought into the state or acquired or held by any person before the first day of February that shall be liable to assessment, § 3748, code 1892, except in

the case of stocks of goods which, if brought into the state after the first day of April and before the first day of July, shall be taxed one-half of the tax for the year. Laws 1896, p. 55.

From the record it appears that Martin Jennings has never been an inhabitant of the state; that he had no property in the state until about the fifth or sixth day of April; that on that date he did have taxable property which under the act of 1896 was liable to be assessed for one-half of the tax for the year; that in spite of the law he was assessed, or the attempt was made to assess him, with taxes for the whole of the year on his property which was liable for one-half only of the tax, and an attempt made to assess him for a poll tax and on his nontaxable property which was not in the state at the date when liability for taxation accrued.

An illegal assessment is a void assessment, and the sheriff in enforcing the collection of the taxes under an illegal assessment is a trespasser. *Tuttle v. Everett,* 51 Miss., 27.

That the board of supervisors has the right to hear and determine petitions in the matter of the assessment of taxes, see *Simmons v. Scott County,* 68 Miss., 37. In this last case the petition for a reduction was filed in March succeeding the August meeting; the board rejected the petition and Simmons appealed; the appeal was dismissed in the circuit court on the ground that the August action of the board was conclusive and not to be questioned thereafter.

By § 3788, code 1892, it is provided that the board of supervisors of each county shall hold a meeting at the courthouse on the first Monday of August to hear objections to the assessment and to examine the same; and by § 80 the right is given to any person aggrieved by any decision of the board as to the assessment of taxes to appeal to the circuit court within five days after the adjournment of the meeting at which such decision is made, and that the controversy shall be tried anew in the circuit court. Section 79, code of 1892, is the general statute providing for appeals from any judgment or decision of the board of sup-

ervisors to the next term of the circuit court, and regulating the practice on such appeal. Surely it was not the intent of the legislature that Jennings should appeal under both §§ 79 and 80. The following cases were appealed under § 80, code 1892: *Anderson* v. *Ingersoll*, 62 Miss., 73; *Simmons* v. *Scott County*, 68 Miss., 37; *Atkinson, Etc., Co.* v. *Pike County*, 73 Miss., 348.

*Rucks Yerger*, for appellee.

The appeal in this case should have been taken under the general statute, § 79, code 1892. There was no question of assessment; the assessment had been made months before. The appellant filed his petition asking for a reduction of his assessment. What assessment did he want reduced? Why, and assessment made months before, viz.: in August, 1900. Now, then, he could have appealed under § 80 within five days after the August meeting at which the assessment was made, but at no other time. If, therefore, that section applied, he was cut out because he was too late. The facts are, however, that appellant applied under code 1892, § 3799, to the board of supervisors to reduce his assessment. The board rejected his petition. He should have appealed under § 79, code 1892, by taking his bill of exceptions during the meeting of the board. This he failed to do, and is cut out. If there was any doubt in this case, it seems to be settled in favor of appellees by the case of *Simmons* v. *Scott County*, 68 Miss., 37.

TERRAL, J., delivered the opinion of the court.

Martin Jennings, a resident citizen of Tennessee, after the first of April, 1900, came into the state of Mississippi, and brought with him his levee camp outfit, consisting of 69 mules, 24 wheeled vehicles and some other articles of personal property, and also a small store stock of goods, of the value of $250. None of this property was liable to taxation for that year, because not brought into the state before February 1,

except the stock of merchandise, which by Laws 1896, ch. 38, was liable for one-half of its *ad valorem* tax for that year. The assessor, without the knowledge of Jennings, assessed him a full year's tax on his merchandise, and for 69 mules, 24 wheeled vehicles, etc., whereupon Jennings, in February, 1901, coming to a knowledge of said overassessment, filed his petition before the board of supervisors under § 3799, which applies to personal as well as to real property, to correct said assessment. His petition was rejected by the board, and he appealed to the circuit court, under § 80, code 1892, and that court dismissed his appeal because it was not taken under § 79, code 1892. We think the court erred. Section 80 applies specifically to appeals relating to taxes, while § 79 applies to all other cases; and, if § 80 does not apply in this matter, it is a useless provision of law, and such a result is not to be imputed to the legislature.

If Jennings had no right to apply to the board for a correction of his assessment, he would have to suffer a wrong without fault on his part, and without remedy; but we think his application to the board of supervisors is a remedy authorized in this case, and, if the facts be as alleged, the board should give the proper remedy. This remedy is supported, as we think, by *Simmons* v. *Scott Co.,* 68 Miss., 37 (8 So. Rep., 259). The reference in that case by the learned judge to § 2351, instead of to § 504, code 1880, perhaps misled the court below. The insistence there was that Simmons should have appealed in August from the assessment complained of; that is, that his application for the correction of his assessment was too late. The question of whether the appeal to the circuit court should be taken by bill of exceptions, or by giving the required bond, was not a debated question; and the reference to § 2351, code 1880, was perhaps inadvertently made.

Section 80, code 1892, governs the method of an appeal from the board of supervisors to the circuit court where a tax matter

is involved; and the judgment of the circuit court is reversed, and the case is remanded.

*Reversed and remanded.*