REUBEN W. MILLSAPS ET AL. *v.* CITY OF JACKSON.

[42 South. Rep., 234.]

TAXATION. *Personalty. Place of assessment.* Code 1892, § 3749.

Under code 1892, § 3749, so providing, the personal property of every taxpayer should be assessed for municipal taxation in the municipality where he actually resides at the time, although he may own a dwelling house, carry on a business, and be permitted to vote elsewhere. *Millsaps* v. *Jackson,* 78 Miss., 537 (30 South. Rep., 756) ; explained.

FROM the circuit court of, first district, Hinds county.

HON. DAVID M. MILLER, Judge.

The city of Jackson, the appellee, was the plaintiff in the court below; Millsaps and others, the appellants, were defendants there. From a judgment in plaintiff's favor the defendant appealed to the supreme court.

Appellants, Millsaps, Carter and Simpson, were trustees of the estate of one Tribette, deceased. Millsaps and Carter resided in Jackson, and paid two-thirds of the taxes for 1905 due on $102,000 worth of personal property belonging to said estate and assessed in the city of Jackson. Simpson resided and carried on a business in Jackson, but owned a dwelling house and business as well in Terry, Mississippi, both places being in Hinds county. The personalty belonging to the Tribette estate was assessed with all its taxes in the city of Jackson; the city claiming that Simpson resided in Jackson. Simpson claimed that his residence and domicile were in Terry, where the taxes were not so high and where he, by mental tenure, held his citizenship and was permitted to vote, and that the taxes on one-third of the personalty of the Tribette estate should be paid in Terry. On the trial the question of where Simpson resided in the year 1905 was submitted to a jury, which decided that his residence was in the city of Jackson.

A case between the same parties was heretofore in the supreme caurt, and is reported, *Millsaps* v. *Jackson, 78* Miss., 537 (30 South Rep., 756), where a history of the Tribette estate is given.

*Alexander & Alexander,* and *George B. Power,* for appellants.

The trial court, having before it the opinion of this court in the case involving the question of taxation of the trustees of the Tribette estate, *Millsaps* v. *Jackson, 78* Miss., 537 (s.c., 30 South. Rep., 756), declined to consider any question of domicile, but shut off from the jury all consideration along that line. The purpose of the former appeal of the trustees against the city of Jackson, *supra,* was to secure the dictum of this court to govern the trustees in regard to payment of taxes. This court then held that the assessment for taxation should be at the domicile of the trustees. Now, in this present case before the court, it is indisputably shown that Simpson had two residences—one at Terry and one at Jackson. It was necessary to the attainment of justice that the jury should have the right to consider what was his domicile and what his intent in regard to the same. It is true that the code states that persons shall be assessed in the county and municipality in which such person resides. But, here we have a case in which a person resides at two places. The lower court calmly took the view in the granting of instructions that when the supreme judges said "domicile" in the former case, they really meant "residence;" and thereupon the court refused every instruction involving the question of intention on the part of Mr. Simpson and involving the question of domicile. The definition of "domicile" in 14 Cyc., 833, is "the place in which a person has voluntarily fixed his abode, not for a mere special or temporary purpose, but with a present intention of making it his permanent home."

"Domicile" and "residence" are not convertible terms. The former is of more extensive significance and includes beyond mere physical presence at the particular locality positive or pre-

sumptive proof of an intention to constitute it a permanent abiding place. *Morgan* v. *Nunes,* 54 Miss., 308; *Alston* v. *Newcomer,* 42 Miss., 186.

*McWillie & Thompson,* for appellee.

In the opinion of this court in *Millsaps et al.* v. *City of Jackson,* 78 Miss., 537 (s.c., 30 South. Rep., 756), the following sentence is found: "We hold that said property should be assessed to appellants in their character as trustees, at the respective domicile of the trustees."

This sentence is a perfectly correct one in its application to the case then before the court, where the distinction between domicile and residence were not under consideration nor in the mind of the court, and where Code 1892, § 3749, providing where persons and property shall be assessed, was not being construed. That section, so far as now pertinent, is in these words: "Every person shall be assessed in the county and in the municipality in which he resides at the time of the assessment."

We know, of course, that this court did not undertake to repeal or in any way annul the statute by the use of the word "domicile" in the decision to which reference has just been made. The present case, however, seems to have had its origin in the conception of the appellants that the use of the word "domicile" by this court in its opinion gave Simpson a right to reside in Jackson and escape taxation there by pretending to keep his domicile in Terry.

The question where Simpson resided in 1905 was submitted to the jury and decided for the city. That this verdict is fully supported by the testimony will not be doubted for one moment by any disinterested person who may read this record. Counsel for appellants indulged, on the trial in the court below, in all sorts of imaginary fancies touching Simpson's intent, etc., but could not deny that he resided in Jackson.

The distinctions between domicile and residence, as pointed out by opposing counsel, show that it would be impracticable to

assess persons at their domiciles where different from their residences. The legislature, therefore, was wise in providing that persons shall be assessed at their places of residence. This court never intended to change the law.

MAYES, J., delivered the opinion of the court.

In the case of *Millsaps* v. *City of Jackson,* 78 Miss., 537 (30 South. Rep., 756), the difference between domicile and residence was in no way involved. It was manifest in that case that Millsaps and Carter both resided and had their domicile in Jackson, and that the testator at the time of his death, and Simpson at the time of the assessment then in controversy, resided and had their domicile at Terry. That case is no authority to control the contention here made which is determined by the statute. Section 3749 of the annotated code of 1892, which provides that "every person shall be assessed in the county and in the municipality in which he resides at the time of the assessment." This statute was passed for the precise reason that a man may have, in the modern complex life we live, two or more homes, and the object of the statute was to fix taxability of property like that in this record at the place of his residence—his actual residence.

*Affirmed.*