## KUHN BROTHERS *v.* WARREN COUNTY.

[54 South. 442.]

1. CODE 1906, SECTION 4312. *Reduction of assessment.*

Code 1906, § 4312, providing that the board of supervisors shall have the power at any time to change the assessment of real estate in case of accidental destruction or deterioration in value, applies to personal estate as well as realty.

Under § 4312, Code 1906, the board of supervisors is given the power to reduce an assessment to its true value in every case of destruction or deterioration in value and in every proper case, it is not only their duty to do so, but the reduction may be compelled by resorting to the courts.

2. SAME.

The board of supervisors has the right to exercise its discretion as to whether or not it will reduce an assessment even in a case of total destruction of the property and such reduction should not be allowed when the property assessed is covered by insurance and the party assessed has suffered no real loss.

APPEAL from the circuit court of Warren county.

HON. H. C. MOUNGER, Judge.

Petition by Kuhn Brothers for reduction of an assessment. The petition was denied by the board of supervisors and on appeal by petitioners to the circuit court the petition was again denied, and petitioner appeals to this court.

The facts are fully stated in the opinion of the court.

*McLaurin, Armistead & Brien* and *Tim E. Cooper,* for appellant.

The appellants were assessed with a stock of goods valued at thirty thousand dollars for the year 1910. This assessment of course took effect as from the first of February. A few days thereafter, the goods were de-

stroyed by fire, leaving a mere remnant unburned, not exceeding in value one thousand dollars.

The appellants thereupon petitioned the board of supervisors to reduce their assessment under the provisions of section 4312, of the Code of 1906. Upon this petition coming on to be heard, it was rejected by the court and the appellants thereupon appealed to the circuit court. In that court, on the trial of the cause, the circuit judge at first gave peremptory instruction in favor of appellant. Upon consideration, he receded from this action and gave peremptory instruction against the appellant and thereupon this appeal is prosecuted.

Section 4312 of the Code of 1906 is section 3799 of the Code of 1892. The trial judge seems to have been controlled by the fact that this section of the Code, taken literally, applies only to real estate destroyed or deteriorated in value by any casualty or in case of overvaluation known to be such. The statute, however, is a remedial statute and will be liberally construed by the court. Its manifest purpose is to give relief to one assessed for property for taxes where the property has been destroyed or has greatly deteriorated in value.

There is no imaginable reason why this provision of law should have been made for real estate and no like provision made for personal property.

I could cite authorities to the court in any number, that where an evil intended to be remedied is within the scope of the statute, the letter of the statute will be expanded to extend it. But this becomes useless in this case, for this precise section of the Code has been construed by this court in the case of *Jennings* v. *Coahoma County,* 79 Miss. 523.

In that case, this court distinctly held, and correctly, that section 3799 of the Code of 1892, which is precisely section 4312 of the Code of 1906, applied as well to personal property as to real property. This was a correct construction of the statute, but all doubt is set at rest

by the fact that the statute as thus construed by this court was re-enacted in the year 1906.

Inextricable confusion would result if the well settled rule of law was departed from, that a construed statute, re-enacted by the legislature, is to be read just as though the construction of the court was written into the statute itself.

*S. S. Hudson,* attorney-general, and *Jas. R. McDowell,* assistant attorney-general, for appellee.

The case at bar is interesting as well as important, as it seems to present points heretofore undecided, and its determination by this court now will lay down the rule of practice in this state.

Suppose your honors decide to follow the Jennings case, and hold that the word "personal property" should be written into the statute under review; still I think appellants are not entitled to the relief sought under the facts of their case as presented.

Section 4312 authorizes the board of supervisors to grant the relief therein provided in certain cases, viz., deterioration because of casualty; overvaluation; clerical error; change of ownership. It is evident that appellants claim their reduction under the first class of cases named, that is, deterioration in value because of casualty, to-wit, destruction by fire.

Our statute, Code section 4257, is emphatic, and our court has held time and again that property is taxable as of February first, so therefore, all property is assessed for taxes against the one who owned such property on said date. The Jennings case, relied on by counsel, reannounces this holding. My view of the instant case is that the court in the Jennings case did not hold, nor does the statute (sec. 4312) mean that a deterioration in value resulting from a casualty occurring after February first would entitle the owner of the property (either personal or real) to the reduction in assess-

ment, but I contend that learned counsel is mistaken in his conception of the extent to which the court went in its holdings in the *Jennings case,* 79 Miss. 523. There is no doubt but that the court held that section 4312 of the Code of 1906, formerly section 3799 of the Code of 1892, authorized the board of supervisors to grant relief from wrongful assessments of personal as well as real property.

In the instant case, however, the assessment is not a wrongful assessment.

MAYES, C. J., delivered the opinion of the court.

This record shows that appellant was assessed in Warren county on February 1, 1910, with a stock of goods valued at thirty thousand dollars. Subsequently, and on February 12, 1910, all of this stock of goods was destroyed by fire, except to the value of about one thousand dollars. On July 28th following the appellants petitioned the board of supervisors to reduce the assessment from thirty thousand dollars to one thousand dollars, the then value of the goods. The board of supervisors declining to make the requested reduction an appeal was taken to the circuit court. The petition was filed under section 4312, Code 1906, and the bond for the appeal from the board was executed under section 81, Code 1906. The above sections are rescripts of the Code of 1892 on the same subject, and which the court construed in the case of *Jennings* v. *Coahoma County,* 79 Miss. 523, 31 South. 107. At the hearing in the circuit court the testimony of appellants proved the destruction of the goods by fire as to all except about one thousand dollars. Testimony was offered on behalf of the county to prove that, while the goods were destroyed by fire as alleged, appellants had really suffered no loss, because they had collected insurance on the goods largely in excess of thirty thousand dollars, but the court excluded all testimony offered on this line. At the con-

clusion of the case the court gave a peremptory instruction in favor of the county, from which judgment this appeal is prosecuted.

That section 4312, providing that, "in case of destruction or deterioration in value of any real estate by any casualty," etc., applies to personalty as well as realty, and that the board of supervisors of any county has the power at any time, on satisfactory evidence, to change the assessment on either realty or personalty, so as to reduce the assessment to the true value, is settled by the case of *Jennings* v. *Coahoma County,* 79 Miss. 523, 31 South. 107. This case was followed by the re-enactment of the same law, without change, and after this court had so construed it. Therefore the decision in the above case is no longer open for review by this court. In the same case it was also held that an appeal from a board of supervisors, prosecuted by any person feeling himself aggrieved by a decision of the board of supervisors on a proceeding instituted before them under section 4312, should be made under section 81 of the Code of 1906, and not section 80. The court said that "section 81 applies specifically to appeals relating to taxes, while section 80 applies to all other cases; and if 81 does not apply in this matter, it is a useless provision of the law, and such a result is not to be imputed to the legislature." In the quotation above we have substituted the number of the sections as they appear in the Code of 1906 for the numbers appearing in the opinion, which refers to the numbers as they appear in the Code of 1892; the last Code being in effect at the date the case was decided, but the law in both Codes being the same. Section 4312 gives the board of supervisors power to reduce an assessment to its true value in every case of destruction or deterioration in value, and in every proper case it is not only their duty so to do, but the reduction may be compelled by resorting to the courts. If this were not true,

no appeal would lie from any decision of the board on an application made under section 4312.

But, while this is true, it is also true that the board is not without discretion as to whether or not it will or will not grant the application to reduce, even when it appears as a fact that the property has been destroyed. In this case proof was offered to show that while, as a matter of fact, the goods had been destroyed by fire, yet appellants had suffered no real loss or destruction, because they had collected more than the value of the goods through the medium of an insurance on same. The testimony was excluded by the court, and improperly excluded. The board of supervisors had a right to consider this fact, and it may have been on this account, alone, that it refused to make the reduction, and, if this was the reason, its action was proper. If the goods were fully covered by insurance, the appellants lost nothing, so far as the assessment is concerned, by reason of the fire. The fire merely changed the form of value from goods to money. If the appellants had sold the goods on the 12th of February to a purchaser in the state of Louisiana, and such purchaser had immediately paid cash for the goods and taken them into that state, it would hardly be contended that appellants would, on that account, be entitled to a reduction. If they sold the goods to the insurance company through the medium of the insurance policy, the principle is the same. Section 4312 applies only in a case where the destruction of the property is followed by actual loss, but not a case where there has been merely change in the form of the value.

But when the court excluded all the testimony tending to show that appellants had realized the full value of the goods through the insurance policy, we cannot understand upon what theory a peremptory instruction was granted for the county. With the testimony as to the insurance improperly excluded, there was then left only the proof of the assessment at thirty thousand dol-

lars, with the further proof that a fire had destroyed the whole of the goods, except about one thousand dollars worth saved from the fire, thus making a clear case under section 4312. In this attitude of the case a peremptory instruction for appellants would seem to have logically followed. We are bound to reverse this case, and direct that it be proceeded with in accordance with this opinion. We cannot affirm it now, even though it result in the same judgment on a new trial, for the reason that it does not appear whether appellants had any insurance or not, the court having rejected all effort to prove this on the part of the county, and, if there was no insurance, appellants are clearly entitled to the reduction.                    *Reversed and remanded.*

SMITH, J. (concurring).

The ruling of the court below upon the offer of appellee to prove that appellant had collected thirty thousand dollars insurance on the stock of goods after the fire is not presented to us for review by this record, was not argued at the bar, and I therefore express no opinion thereon. I agree with my brethren, however, in holding that the court erred in granting the peremptory instruction.