BOARD OF SUPERVISORS OF ADAMS COUNTY v. DALE.

[70 South. 828.]

1. TAXATION. *Assessment. Reduction. Proceedings. Personal property. To whom assessable.*

Under Code 1906, section 4312, so providing, where there is an overvaluation of property assessed known to be such and also a clerical error in the assessment rolls, the board of supervisors have the power at any time on the application of a party interested, to correct the assessment.

2. TAXATION. *Personal property. To whom assessable.*

Personal property belonging to an estate held in trust, should be assessed to the trustee in his representative capacity at his residence or domicile.

APPEAL from the circuit court of Adams county.

HON. ROBT. E. JACKSON, Judge.

Proceedings to abate an assessment by John Dale, trustee of the estate of Mary Ella Nutt, against the board of supervisors of Adams county. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*W. C. Bowman,* for appellant.

*Ernest E. Brown,* for appellee.

SYKES, J., delivered the opinion of the court.

The appellee, John Dale, trustee, filed his petition with the board of supervisors of Adams county at the March term in 1914 to abate an assessment, appearing on the personal assessment rolls "on loans at a greater rate of interest than six per cent. per annum," of six thousand dollars against the estate of Mary Ella Nutt, which taxes were assessed against said estate by said board at its August meeting in 1913. The petition avers that said trustee at the time of his appointment, and has continuously ever since, resided and been a citizen of the state of Louisiana. Said petition further avers that the only

money loaned at a greater rate of interest than six per cent., in which said estate of which he was trustee had any interest at all, consisted of two notes, one for four thousand, three hundred and ninety nine dollars of Dr. Boger, and one of Dr. Dumas for one thousand, five hundred dollars, the total sum being five thousand, eight hundred and ninety-nine dollars; that the legal title to these notes is in the petitioner; that this assessment was an "overvaluation known to be such;" and that it was a "clerical error" also to make the assessment against the estate of Mary Ella Nutt, instead of against John Dale, trustee of the estate of Mary Ella Nutt. This petition was rejected and disallowed by the board of supervisors, and an appeal prosecuted to the circuit court of said county. Petitioner and the board of supervisors entered into an agreed statement of facts fully covering all phases of the case.

By consent of both parties, a jury was waived, and the case was tried on this agreement before the circuit judge, who granted the prayer of the petition and abated the assessment, from which order this appeal is here prosecuted.

The agreed statement of facts shows that in this case there was an "overvaluation known to be such" in the making of this assessment, and also there was made a "clerical error in the assessment rolls," which gave the board of supervisors the power at any time on the application of the party interested to grant the proper relief under section 4312 of the Code of 1906. *Simmons* v. *Scott County,* 68 Miss. 37, 8 So. 259; *Jennings* v. *Coahoma County,* 79 Miss. 523, 31 So. 107.

The personal property covered by this assessment should have been assessed to the trustee in his character as trustee at his residence or domicile. *Millsaps* v. *City of Jackson,* 78 Miss. 537, 30 So. 756.

For these reasons, the case is affirmed.

*Affirmed.*