DEPARTMENT OF FINANCIAL INSTITUTIONS OF
INDIANA ET AL. *v.* STATE BANK OF LIZTON.

[No. 1068 S 161. Filed November 18, 1969.]

*Theodore L. Sendak,* Attorney General, *John Rabb Emison,* Deputy Attorney General, *Curtis C. Plopper,* Deputy Attorney General, for appellant Department of Financial Institutions.

*Martz, Beattey & Wallace, Joseph C. Wallace,* Indianapolis, for appellant Brownsburg State Bank.

*Ryan, Lind & Deckard, Melvin R. Lind,* Danville, *Robert V. Bridwell,* Indianapolis, for appellee.

ARTERBURN, J.—This proceeding originated when the appellee, State Bank of Lizton, filed a petition before the Department of Financial Institutions of the State of Indiana to open

a branch bank at Brownsburg, Indiana. This petition was opposed by the Brownsburg State Bank. After a hearing, the petition was denied by the Department. From this denial the State Bank of Lizton filed a petition in the Hendricks Circuit Court for a review of the administrative decision. The trial court, after a hearing pursuant to Burns' Anno. Stat. § 63-3014, on July 10, 1968, entered special findings of fact and conclusions of law, reversing the Department's denial of the application to open the branch bank and ordered the proceedings remanded to the Department with instructions to make a special finding of fact supporting the application of the State Bank of Lizton for the establishment of a branch bank at Brownsburg and ordered the Department to grant said application.

The appellant urges that the trial court, in the judicial review of the administrative action of the Department of Financial Institutions, erroneously and without authority, made its own special findings of fact as to the merits of the application and had no authority to order the Department of Financial Institutions to make a special finding of fact in accordance with the trial court's findings on the merits of the application.

This appeal involves a typical question that has occurred frequently in a review by a trial court of an administrative finding and determination of facts as to the merits of the issue before the administrative body. The Administrative Adjudication and Court Review Act, Burns' §§ 63-3001—63-3030 (1961 Repl.) is applicable in this case.

In *State ex rel. Calumet National Bank* v. *McCord* (1962), 243 Ind. 626, 189 N. E. 2d 583, in holding that Burns' §§ 63-3001, et seq. (commonly known as the Administrative Adjudication Act was applicable to review of the Department of Financial Institutions, we stated:

"Although this Act has some ambiguities and is not clear as we would desire it, we have no choice but to make a construction which we think is most logical and reasonable

under the circumstances. We believe it is the object of the Administrative Adjudication Act to provide for a uniform and orderly method of judicial review. In view of Burns' § 63-3003, unless there is a very clear and specific exception, we must hold that the Act is applicable."

Burns' § 63-3003, referred to in the above quote, reads as follows:

"In every administrative adjudication in which the rights, duties, obligations, privileges or other legal relations of any person are required or authorized by statute to be determined by any agency the same shall be made in accordance with this act [§§ 63-3001—63-3030] and not otherwise."

Under the Administrative Adjudication Act the scope of our judicial review is limited generally to considerations of whether the determination of the agency is capricious, arbitrary, an abuse of discretion, or in excess of statutory authority or unsupported by substantial evidence.

Burns' § 63-3018 of the Administrative Adjudication Act provides in part as follows:

"Judicial review — Procedure — On such judicial review such court shall not try or determine said cause de novo, but the facts shall be considered and determined exclusively upon the record filed with said court pursuant to this act [§§ 63-3001—63-3030].

"On such judicial review if the agency has complied with the procedural requirements of this act, and its finding, decision or determination is supported by substantial, reliable and probative evidence, such agency's finding, decision or determination shall not be set aside or disturbed. * * *"

It is to be noted that the trial court, in reviewing the administrative decision, cannot retry the facts "de novo" and cannot come to its own conclusions as to the merits of the case by weighing the facts and evidence. We have held that even though the statute (as in the case of proceedings before the Public Service Commission) provides that the appeal shall be "de novo," constitutionally this is not

correct. The court cannot hear the matter as a new action and weigh the evdience and determine the facts on the merits as an appeal from a Justice of the Peace court "de novo," which is purely a judicial proceeding. An administrative proceeding is not a pure judicial proceeding, but is a proceeding in either the executive or legislative branch of the government. The court's only right or scope of review is limited to a consideration of whether or not there is any substantial evidence to support the finding and order of the administrative body. A court may also determine whether or not the action constitutes an abuse of discretion and is arbitrary or capricious, as revealed by the uncontradicted facts. *Public Service Commision et al.* v. *City of Indianapolis* (1956), 235 Ind. 70, 131 N. E. 2d 308; *Indiana Board of Pharmacy* v. *Horner* (1961), 241 Ind. 326, 172 N. E. 2d 62.

In *Public Service Commission of Indiana* v. *Chicago, I. & L. Ry. Co.* (1956), 235 Ind. 394, 132 N. E. 2d 698, reh. den. 134 N. E. 2d 53, this Court said:

> "The purpose of a judicial review of an administrative order by the court is not to decide the matter on the merits for the administrative body but rather solely to determine whether or not the order made by the administrative body was outside the limits and jurisdiction of such body. Once the matter of jurisdiction is determined the court has no further right to interfere with an administrative procedure which belongs to another department of the government— not the judiciary. As a court, we have no right to substitute our judgment on the merits of an issue before an administrative body acting within its jurisdiction."

We further point out that the law is overwhelming in Indiana that the burden is on the party seeking to upset an administrative order to show in the administrative appeal and review in the trial court that there are no substantial facts to support the finding or that the action was arbitrary and capricious and outside the jurisdiction or authority of the Department. This is supported by authorities cited in the foregoing cases.

In the appeal before us the trial judge considered the evidence presented to the Department of Financial Institutions when that Department denied the application for opening the branch bank. The record shows that the trial court reached its own conclusions as to the merits determined from the evidence presented and made its own special finding of fact, contrary to the decision of the administrative body. This the trial court has no right to do unless the evidence and finding of the administrative body is undisputed and uncontradicted and only one decision can follow. The trial court, in reviewing the administrative action, has no right to weigh conflicting evidence and choose that which it sees fit to rely upon. The statute gives this fact-finding function to the administrative body. The statute, Burns' § 18-1707, provides in part as follows:

". . . Before the department [of Financial Institutions] shall approve or disapprove any application for the establishment of a branch bank . . . it shall ascertain and determine to its satisfaction that the public convenience and advantage will be subserved and promoted by the opening or establishment of a branch bank in the community in which it is proposed to establish such branch bank . . ."

The evidence before the Department shows that there was was some conflict as to the needs of Brownsburg for additional banking facilities resulting from the establishment of a branch bank as petitioned for. This was a matter for the administrative body to determine, not for the trial court. We have said:

". . . We, as judges, are subjected to the same natural desires and to the same weaknesses that all men have to substitute our personal judgment for that of others, and we must guard against such inclinations. Where the legislature has created a fact-finding body of experts in another branch of the government, their decision or findings should not be lightly overridden and set aside because we, as judges, might reach a contrary opinion on the same evidence. So long as the experts act within the limits of the discretion given them by the statute, their decision is final. . . ." *Pub.*

*Ser. Comm. et al.* v. *City of Indianapolis* (1956), 235 Ind. 70, 131 N. E. 2d 308.

We find therefore that the trial court has attempted to supplant by its decision herein, the decision of an administrative body on the merits of an issue which is solely under the law one for the administrative body.

In this case it is pointed out that the administrative body, namely the Department of Financial Institutions, failed to make a special finding of fact to support its order of denial. It is urged by the appellee that Burns' § 63-3010 requires a special finding of fact by the administrative body under the Administrative Adjudication Act. This section reads as follows:

> *"Finding of facts.*—All issues of fact shall be considered and determined upon the record required to be made in conformity with this act [§§ 63-3001—63-3030], except as herein otherwise provided as to newly discovered evidence. Said agency shall make an informal finding of facts which shall encompass the relevant facts shown by the evidence. Said finding of facts may be made by direct statement or by reference to the particular charges made in the complaint before such agency. A reference to the particular charges in the complaint shall be sufficient as a finding of facts. [Acts 1947, ch. 365, § 10, p. 1451; 1957, ch. 355, § 3, p. 1033.]"

The appellants urge that this section is not applicable to hearings before the Department. With this we do not agree. *State ex rel. Calumet National Bank* v. *McCord* (1962), 243 Ind. 626, 189 N. E. 2d 583 supports us in this holding. We see no reason why the Department should be exempt from making special findings of fact when it makes an order after a hearing. The reasons are as compelling in this case as in any other case where an administrative decision is to be reviewed.

The reasons for requiring these special findings of fact have been stated as follows:

> "The reasons have to do with facilitating judicial review, avoiding of judicial usurpation of administrative functions,

assuring more careful administrative consideration, helping parties plan their case for rehearing and judicial review, and keeping agencies within their jurisdiction." Davis, Admin. Law, § 162.

In *Carlton* v. *Board of Zoning Appeals* (1969), 252 Ind. 56, 245 N. E. 2d 337 this Court reviewed the necessity of findings of fact to support administrative determinations and held that the reasons requiring such findings exists independently of any statute. We do not feel it necessary to burden this opinion with further citations on this point. The authorities are amply reviewed in *Carlton* v. *Board of Zoning Appeals, supra.*

The failure of the Department of Financial Institutions to make a special finding to support its decision in this case does not necessarily invalidate its order or proceedings. It is a technical defect in the procedure which, in our opinion, the Department should have an opportunity to remedy.

The judgment of the trial court is therefore reversed, with directions that it remand the case to the Department of Financial Institutions, with directions to make a special finding of fact and for further proceedings thereafter not inconsistent with this opinion.

DeBruler, C.J., and Hunter and Givan, JJ., concur; Jackson, J., concurs in result.

NOTE.—Reported in 252 N. E. 2d 248.