INDIANA ALCOHOLIC BEVERAGE COMMISSION, JOHN R. SMOCK, CHAIRMAN, ARTHUR R. ROBINSON, VICE-CHAIRMAN, EDWARD V. KNARTZER, COMMISSIONER AND DALE C. STONE, COMMISSIONER *v.* PATRICIA J. CHINN.

[No. 2-772A36. Filed March 22, 1973.]

*Theodore L. Sendak,* Attorney General, *Harry L. Sauce, III, David H. Kreider,* Deputies Attorney General, for appellants.

*Robert H. Kempf, Jr., Meranda & Kempf,* of Jeffersonville, for appellee.

ROBERTSON, P.J—The defendant-appellants (ABC) are appealing the trial court's judgment overruling their prior decision and ordering the issuance of a permit for a package store operation to the plaintiff-appellee, (Mrs. Chinn).

Mrs. Chinn was one of three applicants for the permit in question. By a three to one vote of the local liquor board, she was awarded the permit. One applicant chose to appeal the decision to the ABC; however, that applicant subsequently dropped out of the appeal procedure. The ABC then held a hearing with a result adverse to Mrs. Chinn. The substance of the findings made by the ABC was that Mr. Chinn had a financial interest in the permit because the funds for the store came from a joint bank account belonging to Mr. and Mrs. Chinn. They further found that because Mr. Chinn's background included some involvement in gambling that he was not of "high and fine repute", as required by IC 7-1-1-19, Ind. Ann. Stat. § 12-517 (Burns 1956), therefore, the application was denied.

Mrs. Chinn sought relief from the ABC ruling under the Administrative Adjudication Act, IC 4-22-1-1 *et seq.,* Ind. Ann. Stat. § 63-3001 *et seq.* (Burns 1961). The ruling of the trial court was in Mrs. Chinn's favor when it determined that the ABC rule that the husband of an applicant must meet the same standards as the applicant was not a promulgated rule of the ABC. Secondly, the trial court held that the application of such a standard was a denial of equal protection of the

law under the state and federal constitutions. The trial court concluded by ordering the issuance of the permit to Mrs. Chinn.

The ABC's overruled motion to correct errors is in three main parts. The first alleges that the trial court substituted its discretion for that of the ABC. It is next alleged as error that the trial court erroneously found it unlawful for the ABC to require that both spouses qualify in order to obtain a permit. The remaining error is that the trial court exceeded its authority in ordering the issuance of the permit.

The specified scope of review in this type of case has been defined in the case of *Dept. of Financial Inst.* v. *State Bank of Lizton* (1969), 253 Ind. 172, 252 N.E.2d 248:

> "It is noted that the trial court, in reviewing the administrative decision, cannot retry the facts 'de novo' and cannot come to its own conclusions as to the merits of the case by weighing the facts and evidence. We have held that even though the statute (as in the case of proceedings before the Public Service Commission) provides that the appeal shall be 'de novo', constitutionally this is not correct. The court cannot hear the matter as a new action and weigh the evidence and determine the facts on the merits as an appeal from a Justice of the Peace court 'de novo', which is purely a judicial proceeding. An administrative proceeding is not a pure judicial proceeding, but is a proceeding in either the executive or legislative branch of the government. *The court's only right or scope of review is limited to a consideration of whether or not there is any substantial evidence to support the finding and order of the administrative body.* A court may also determine whether or not the action constitutes an abuse of discretion and is arbitrary or capricious, as revealed by the uncontradicted facts. Public Service Commission et al. v. City of Indianapolis (1956), 235 Ind. 70, 131 N.E.2d 308; Indiana Board of Pharmacy v. Horner (1961), 241 Ind. 326, 172 N.E.2d 62." (Our emphasis). 252 N.E.2d at 250.

We are of the opinion that the ABC acted within its statutory authority in denying the license to Mrs. Chinn. Although the argument is confused by the insertion of the spousal relationship in the instant case, the ABC does have authority to require the "owner, manager,

or management * * * to be of strict integrity and high repute". IC 7-1-1-19, Ind. Ann. Stat. § 12-517 (Burns 1956). Mr. Chinn's financial involvement, because of the joint checking account, coupled with evidence regarding gambling in his past, would provide sufficient legal basis for a denial.

> Since the findings and conclusions of the trial court do not place in issue the question of the evidence relied upon by the ABC, we need not determine if that evidence was substantial in character.

Mrs. Chinn relies upon *Reed* v. *Reed* (1971), 404 US 71, 92 S. Ct. 251, 30 L. Ed. 2d 225, as authority for a denial of equal protection of the laws. In that case, an Idaho statute arbitrarily gave preference to a man when persons of the same class applied for appointment as administrator of a decedent's estate. The Indiana statute requiring "high and fine repute" does not have such an arbitrary feature as found in the overturned Idaho statute. Nor can we find anything which would prevent a denial of the issuance of a permit by the ABC to a husband if, for example, the wife had a sullied reputation and she participated in the business.

Finding as we have, there is no need to discuss the remaining allegation of error.

Judgment reversed.

Hoffman, C.J., Lybrook, J., concur.