STATE BOARD OF TAX COMMISSIONERS *v.* STONE CITY
PLAZA, INC.

[No. 1-1073A186.  Filed October 7, 1974.]

*Theodore L. Sendak,* Attorney General, *John L. Hess,* Deputy Attorney General, for appellee.

*Robert L. Mellen, Jr., Mellen & Mellen,* of Bedford, *Donald A. Erdmann,* of Bedford, *Douglas J. Hill, Cadick, Burns, Duck & Neighbours,* of Indianapolis, for appellee.

LYBROOK, J.—Defendant-appellant State Board of Tax Commissioners (Board) appeals from a judgment remanding the real property assessment of plaintiff-appellee Stone City Plaza, Inc. (Stone City) to Board for reassessment.

The sole issue preserved for review is whether the trial court erred in refusing to permit Board's Hearing Officer to testify.

Stone City owned a shopping center which was assessed by the Lawrence County Board of Review at $296,470. Stone City appealed to Board, contending that the property should have been assessed at $215,000. An administrative hearing was conducted by Board's hearing officer, James McClary, and after receiving McClary's report, Board made its final assessment determination in the sum of $269,680. Seeking further review, Stone City appealed to the Lawrence Circuit Court. After trial the court concluded that Board's action was arbitrary and capricious, an abuse of discretion, not supported by substantial evidence and was in excess of statutory authority. Board's ruling was set aside and the proceeding remanded to Board for the purpose of reassessment.

When reviewing the actions of an administrative agency it is incumbent upon the trial court to make findings of fact. Ind. Rules of Procedure, Trial Rule 52(A)(2). The trial court herein complied by making extensive findings which consisted chiefly of a comparison between the value of the improvements in Stone City and those of several other shopping centers in the Bedford vicinity. Pages Shopping Center, situated directly across the street from Stone City, was found to be very similar, yet its improvements were assessed at only $5.16 per square foot as compared with Stone City's assessment of $8.50 per square foot. Others compared included Bedford Shopping Plaza and Hunter Bowl, Inc., which the court found to be similarly constructed to Stone City. However, these shopping centers were assessed at only $3.50 and $3.56, respectively.

At trial, Board opened its defense by calling its hearing officer James McClary to the witness stand. However, before any testimony could be elicited, Stone City objected, chiefly on the grounds that McClary was neither a witness at Board's hearing nor could he act as both witness and judge at such hearing. A lengthy debate then ensued between counsel as to the competency of the hearing officer to testify. The court sustained Stone City's objection and excluded McClary's testimony. Board thereupon made an offer to prove, stating in substance that McClary's testimony would have described his investigation in the matter and would have supplied the facts and reasons supporting Board's decision.

In *Department of Financial Institutions* v. *State Bank of Lizton* (1969), 253 Ind. 172, 252 N.E.2d 248, our Supreme Court stated:

> "It is to be noted that the trial court, in reviewing the administrative decision, cannot retry the facts 'de novo' and cannot come to its own conclusions as to the merits of the case by weighing the facts and evidence. We have held that even though the statute (as in the case of proceedings before the Public Service Commission) provides that the appeal shall be 'de novo,' constitutionally this in not correct. The court cannot hear the matter as a new action and weigh the evidence and determine the facts on the merits as an appeal from a Justice of the Peace court 'de novo,' which is purely a judicial proceeding. An administrative proceeding is not a pure judicial proceeding, but is a proceeding in either the executive or legislative branch of the government. The court's only right or scope of review is limited to a consideration of whether or not there is any substantial evidence to support the finding and order of the administrative body. A court may also determine whether or not the action constitutes an abuse of discretion and is arbitrary or capricious, as revealed by the uncontradicted facts."

The limited scope of judicial review of an administrative proceeding has been more recently delineated in *Uhlir* v. *Ritz* (1970), 255 Ind. 342, 264 N.E.2d 312, wherein Justice Hunter said:

> "In making such a determination under that statute we must look at the facts *as were found by the agency*. Thus,

'The court's only right or scope of review is limited to a consideration of whether or not there is any substantial evidence to support the finding and order of the administrative body.' *Department of Financial Inst.* v. *State Bank of Lizton, supra,* 252 N.E.2d at 250.

and if there is we may not disturb it.

In the case at hand a special statute on court review, § 9-3713, *supra,* was enacted. It states that a review 'de novo' of a license revocation may be secured. It is the term 'de novo' which must concern us. While in the usual sense of that phrase one might envisage a complete retrial of the issues involved, our constitutional relationship with the other branches of government precludes such a review. Our legislature is aware of our duty and its scope and we will not attach to its language the innuendo that it wishes our courts to exceed the bounds of proper re-examination. Even if such was clearly mandated, we could proceed only so far in such reviews as the dictates of constitutional law permit.

Thus, a court reviewing under a de novo statutory direction may, *to a limited extent,* weigh the evidence supporting a finding of fact by an administrative agency. *Public Service Commission* v. *City of Indianapolis* (1956), 235 Ind. 70, 131 N.E.2d 308. But, it may negate that finding only if, based upon the evidence as a whole, the finding of fact was

(1) arbitrary,

(2) capricious,

(3) an abuse of discretion,

(4) unsupported by substantial evidence or

(5) in excess of statutory authority."

The parties agree that it was the duty of the trial court to examine the facts upon which the Board made its final assessment in order to determine whether there was substantial evidence to support the assessment or whether there was an abuse of discretion. *Uhlir* v. *Ritz, supra,* also supports this proposition. See also, *Indiana State Board of Tax Commissioners* v. *Pappas* (1973), 158 Ind. App. 327, 302 N.E.2d 858.

Board contends that by hearing the taxpayers' evidence and then excluding Board's evidence, the trial court heard only one side of the case.

Although Board could have sustained its findings by witnesses other than its hearing officer, we fail to perceive any sufficient legal justification for the exclusion of McClary's testimony.

IC 1971, 34-1-14-4 (Burns Code Ed.), provides that all persons, whether parties to or interested in the suit, shall be competent to testify in any civil action or proceeding except as otherwise provided. The succeeding section of the statute, IC 1971, 34-1-14-5, provides that certain witnesses shall not be competent, i.e. insane persons, infants, attorneys, physicians, and clergymen. McClary does not fall within the prohibited categories.

Stone City argues that since McClary did not fill out the "statement of facts" portion of his report form and since the Board failed to make findings of fact, it would be unfair to permit the hearing officer to testify. While the Administrative Adjudication Act (IC 1971, 4-22-1-1 *et seq.* (Burns Code Ed.)), requires the agency involved to provide a transcript of the record, including testimony and exhibits and further requires the agency to make informal findings of fact, these provisions have no application in the case at bar. The State Board of Tax Commissioners is excluded from the operation of the statute by the terms of the act itself.

Assuming, without deciding, that Board was required to make findings of fact and that it failed to do so, it would appear that the cause should be remanded back to the Board for the purpose of making the findings.

As stated in *Department of Financial Institutions* v. *State Bank of Lizton, supra:*

"The failure of the Department of Financial Institutions to make a special finding to support its decision in this case does not necessarily invalidate its order or proceedings. It is a technical defect in the procedure which, in our opinion, the Department should have an opportunity to remedy."

Contrary to appellee's contention that McClary was incompetent because he was acting as a judge, we are of the opinion

that he was not serving in a judicial capacity. IC 1971, 6-1-38-6 (Burns Code Ed.) clearly provides that Board may appoint a hearing officer to preside at the hearing and investigate and gather evidence. After the hearing officer has made his written report to the Board, it renders a decision based upon such report and "additional evidence, and records as the Board deems pertinent." The statute clearly does not place McClary in a judicial capacity as Stone City contends but on the contrary reserves the decision making power in the Board.

As stated in *Department of Financial Institutions* v. *State Bank of Lizton, supra,* the trial court's review is limited to an examination to determine whether there was any substantial evidence to support the finding and order of the administrative body. The court could not be in a position to detect either the presence or absence of such substantial evidence without receiving testimony as to the evidence before the Board.

In the case at bar Board had the right to defend its order by placing its hearing officer on the witness stand, not to introduce new or extraneous evidence but *at the very least* to present the evidence acquired from his investigation and the basis of his recommendation to the Board. Because McClary was a competent witness to present relevant evidence, he should have been permitted to testify.

Judgment reversed and cause remanded for a new trial.

Robertson, P.J. and Lowdermilk, J., concur.

NOTE.—Reported at 317 N.E.2d 182.