INDIANA STATE BOARD OF TAX COMMISSIONERS *v.* HOLTHOUSE REALTY CORPORATION AND HOLTHOUSE FURNITURE CORPORATION AND BARTEL REALTY COMPANY, INC., AND HOOSIER MERCANTILE CO., INC.

[No. 2-175A10. Filed August 12, 1976.]

*Theodore L. Sendak,* Attorney General, *Alfred K. B. Tsang,* Deputy Attorney General, for appellant.

*Vioni and Masson,* of Richmond, for appellees.

## STATEMENT OF THE CASE

LOWDERMILK, J.—The instant case was transferred from the Second District to this office on July 21, 1976, in order to lessen the disparity in caseloads among the Districts.

Defendant-appellant Indiana State Board of Tax Commissioners (Board), appeals from a judgment which ordered it

to reassess the property of Holthouse Realty Corporation, Holthouse Furniture Corporation, Bartel Realty Company, Inc., and Hoosier Mercantile Company, Inc., (taxpayers).

We affirm.

## FACTS

The facts necessary for our disposition of this appeal are as follows: On April 6, 1968, an explosion occurred in the City of Richmond which destroyed substantial amounts of property including that owned by taxpayers. On November 1, 1968 and October 23, 1969, taxpayers petitioned the Board for the reassessment of personal property and improvements made to real property owing to the loss which they had sustained because of the explosion pursuant to the provisions of IC 1971, 6-1-26-7, Ind. Ann. Stat § 64-715 (Burns Supp. 1961).

This statute provides in relevant part as follows:

"In case of flood, fire or other disaster in which a substantial amount of real and personal property in any township has been partially or totally destroyed, the state board of tax commissioners, upon petition, shall cause a survey to be made and determine the area or areas in which the property has been partially or totally destroyed and order a reassessment of the real and personal property in such township either in whole or in part. . . ." (Citation omitted.)

On February 12, 1971, the Board issued an order approving certain petitions for reassessment, but denied those of taxpayers because they had been fully compensated for their losses by insurance proceeds.

On May 3, 1972, taxpayers filed their complaint seeking relief from the Board's judgment. Both parties moved thereafter for summary judgment.

On September 4, 1974, the trial court granted taxpayers' Motion for Summary Judgment and entered an order, the relevant portions of which are set forth *infra*:

*"Entry*

\* \* \*

Findings of the Court: The issue for consideration before the court is whether or not defendants were required to reassess plaintiffs' property pursuant to IC 6-1-26-7 (formerly Burns Indiana Annotated Statute 64-715) effective the date of the Richmond, Indiana disaster. From the evidence before it, the court finds that plaintiffs' petitions for reassessment relief were properly filed and that the State Board of Tax Commissioners did cause a survey of the disaster area to be made which said area contained property of the plaintiffs.

The Court further finds that the State Board of Tax Commissioners thereafter failed to order reassessment of plaintiffs' property as required by the statute. The Board submits that it need not reassess property in such cases where relief to property owners is afforded by proceeds from property insurance. The court finds that IC 6-1-26-7 does not except property reassessment in disaster situations where the property is insured and if the legislature had intended the same it would have provided for it. It is only reasonable to assume that the Legislature when it passed the aforesaid act for reassessment relief in cases of disaster was cognizant that most prudent property owners had their property insured. There is no cogent reason to deny tax relief reassessment because one has taken prudent steps to insure his property from loss by disaster. The purpose of the statute is to afford tax relief and not to award compensatory relief to plaintiffs.

Based upon the above findings and conclusions the court finds that plaintiffs ought to be afforded reassessment relief with regard to their properties irrespective of compensation from third parties and that an order should issue requiring reassessment retroactive to the date of the Richmond, Indiana disaster, that being April 6, 1968. . . .

Judgment is therefore rendered in favor of plaintiffs on their Motion for Summary Judgment and against defendant on its Motion for Summary Judgment.

\* \* \*"

## ISSUES

1. Did the trial court err in its finding that the Board failed to order reassessment of taxpayers' property?

2. Did the trial court err in making the assumption that prudent property owners have their property insured?

3. Did the trial court err in its statutory construction?

4. Did the trial court exceed the scope of judicial review?

## DECISION

ISSUE ONE:

The Board argues that the trial court erred in finding that it did not order a reassessment of taxpayers' property as mandated by IC 1971, 6-1-26-7, *supra*.

The record discloses that the trial court had before it the Board's Exhibit B which provided in relevant part the following:

"* * *

WHEREAS, a disaster, in the form of a gas explosion, did occur in Wayne County, Richmond, Indiana, on April 6, 1968, causing a substantial amount of real and personal property damage; and

WHEREAS, the State Board of Tax Commissioners did cause a survey to be made and has determined that real and personal property has been partially or totally destroyed by the gas explosion; and

WHEREAS, the Acts of 1961, Ch. 319, Sec. 705, as amended, does provide for a reassessment of the real and personal property in such county, either in whole or in part; and

WHEREAS, petitions for reassessment of real and personal property were filed with the State Board of Tax Commissioners with respect to said disaster, and

WHEREAS, this Board has considered the statements and data contained in said petitions;

THEREFORE, IT IS HEREBY ORDERED that the following numbered petitions, which are attached hereto and made a part hereof, be approved for reassessment 13, 14 & 22 and that all other petitions be disapproved.

* * *"

The answers received by taxpayers to their interrogatories, and which the trial court had before it in ruling on the cross motions for summary judgment contained the following:

"8. State the dollar amount of reassessment to which plaintiffs would be entitled but for insurance coverage at the time of the disaster loss.

A. The information requested in interrogatory numbered 8 is not available to the State Board of Tax Commissioners. The assessment of property is made by local assessing officials, not the State Board of Tax Commissioners. Since the property was not ordered reassessed after the 1968 Richmond Disaster and was not, in fact reassessed, it is impossible to state the dollar amount of assessed value that the local officials might have placed on the plaintiffs' property.

\* \* \*"

We find that there was substantial evidence to support the trial court's finding that the Board did not order the taxpayers' property reassessed as mandated by IC 1971, 6-1-26-7, *supra*.

## ISSUE TWO:

The Board next contends that the trial court erred by making the assumption that prudent property owners have their property insured against loss.

In the record before us, we have been unable to find any evidence, and taxpayers in their brief cite us to none, which would support the finding of the trial court that prudent taxpayers carry insurance to protect them against losses incurred to their property. We are of the opinion that the above enumerated finding of the trial court was erroneous.

This conclusion, however, does not require us to reverse the judgment of the trial court. Ind. Rules of Procedure, Trial Rule 61, provides:

"No error . . . by the court . . . is ground for . . . vacating, modifying or otherwise disturbing a judgment or order or for reversal on appeal, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

Since the trial court had sufficient evidence to find that the Board failed to perform its statutory duty by not ordering the taxpayers' property reassessed, the error in including this unsupported and unnecessary finding in its judgment was harmless.

ISSUE THREE:

The Board contends that the trial court erred in its construction of IC 1971, 6-1-26-7, *supra.* Specifically, the Board argues that it was error for the trial court to find that our Legislature did not want to provide for a reduction of tax benefits upon the proper filing of a Petition For Reassessment, because petitioner had already received insurance proceeds for the damage sustained to its property.

The Board directs our attention to the Indiana Constitution, Art. 10, § 1, which provides in relevant part as follows:

> "The General Assembly shall provide, by law, for a uniform and equal rate of property assessment, and taxation and shall prescribe regulations to secure a just valuation for taxation of all property, both real and personal. The General Assembly may exempt from property taxation any property in any of the following classes:
> * * *"

We are in complete accord with this constitutional mandate. All non-exempt property must be assessed and taxed at a uniform and equal rate.

The crucial issue for us to decide is whether our Legislature wanted to deny taxpayers the relief accorded them by IC 1971, 6-1-26-7, *supra,* if it is established that the taxpayer recovered insurance for his property losses?

We believe that such was not the intention of our Legislature. It is a fundamental rule of statutory construction that a statute should be construed in such a way so as to give effect to the intention of the Legislature expressed in the statute. 26 I.L.E. § 113, p. 314; *State* v. *Gilbert* (1966), 247 Ind. 544, 219 N.E.2d 892. An equally

important rule of statutory construction is that a statute clear and unambiguous on its face need not and cannot be interpreted by a court. *Economy Oil Corporation* v. *Indiana Department of State Revenue* (1974), 162 Ind. App. 658, 321 N.E.2d 215, 218.

The statute now before us has been before our Legislature on three separate occasions. It was enacted by Acts 1961, ch. 319, § 705, p. 906. It was then transferred and amended by IC 1971, 6-1-26-7 (Burns Code Ed.). Finally, it was repealed and replaced by IC 1971, 6-1.1-4-11, (Burns Supp. 1976).

In each of these three revisions of the statute the mandatory language of "shall cause a survey to be made . . . and order a reassessment . . ." appeared therein. This language appears to us too clear and unequivocal to require construction.

The purpose of this statute appears as clear to us as the mandatory language used therein. The purpose is to afford taxpayers relief who have been beset by disaster. This relief comes in the form of a recomputation of tax liability by a revaluation of the damaged property upon which the tax burden is assessed. We are not at odds with the Board's contention that the sting of the disaster is less to those taxpayers who have been farsighted enough to insure their property. This hardly seems to be an adequate reason to deny a taxpayer the relief which is clearly afforded him by statute in unambiguous language.

We are at a loss to see how a taxpayer's ownership of an insurance policy affects the *value* of his damaged or destroyed property. It is true as argued by the Board that the taxpayer now has new property in the form of cash proceeds from his insurance policy. The statute before us, as noted above, is designed to afford an affirmative tax break to all taxpayers whose property has been damaged within the meaning of the statute, and not to award compensation because of the loss. To the extent that the case of *Kuhn Bros.* v. *Warren County* (1911), 54 So. 442 provides otherwise than we have held in

this opinion, we expressly decline to follow it. *Havens* v. *Woodfill* (1971), 148 Ind. App. 366, 266 N.E.2d 221.

## ISSUE FOUR:

The Board next argues that the trial court exceeded its proper scope of judicial review by substituting its judgment for the determination made by the Board.

We can find little merit in this contention. The standard of review a trial court should apply when called upon to review the judgment of an administrative agency is succinctly stated in *State Board of Tax Commissioners* v. *Stone City Plaza, Inc.* (1974), 161 Ind. App. 627, 317 N.E.2d 182 wherein at pages 183-184 it was held:

> "In *Department of Financial Institutions* v. *State Bank of Lizton*, 253 Ind. 172, 252 N.E.2d 248, our Supreme Court stated:
>
> 'It is to be noted that the trial court, in reviewing the administrative decision, cannot retry the facts "de novo" and cannot come to its own conclusions as to the merits of the case by weighing the facts and evidence. We have held that even though the statute (as in the case of proceedings before the Public Service Commission) provides that the appeal shall be "de novo," constitutionally this is not correct. The court cannot hear the matter as a new action and weigh the evidence and determine the facts on the merits as an appeal from a Justice of the Peace court "de novo," which is purely a judicial proceeding. An administrative proceeding is not a pure judicial proceeding, but is a proceeding in either the executive or legislative branch of the government. *The court's only right or scope of review is limited to a consideration of whether or not there is any substantial evidence to support the finding and order of the administrative body. A court may also determine whether or not the action constituted an abuse of discretion and is arbitrary or capricious, as revealed by the uncontradicted facts.*' [Our emphasis.]

The limited scope of judicial review of an administrative proceeding has been more recently delineated in *Uhlir* v. *Ritz* (1970), 255 Ind. 342, 264 N.E.2d 312, wherein Justice Hunter said:

'In making such a determination under that statute we must look at the facts *as were found by the agency.* [Original emphasis.] Thus,

"*The court's only right or scope of review is limited to a consideration of whether or not there is any substantial evidence to support the finding and order of the administrative body.*" *Department of Financial Inst.* v. *State Bank of Lizton, supra,* 252 N.E.2d at 250. and if there is we may not disturb it.' " (Our Emphasis.)

We are of the opinion that on the record the trial court had before it, it did not exceed its proper scope of judicial review. There can be do doubt that the Board's failure to follow the clear mandate of IC 1971, 6-1-26-7, *supra,* constituted an abuse of discretion, and hence, was properly reviewable by the trial court.

Judgment affirmed.

Robertson, C.J. and Lybrook, J., concur.

NOTE.—Reported at 352 N.E.2d 535.