NOTE—Reported at 394 N.E. 2d 939.

STOKELY-VAN CAMP, INC. *v.* STATE BOARD OF
TAX COMMISSIONERS.

[No. 1-1078A275. Filed September 12, 1979. Rehearing granted
October 29, 1979.]

*Richard E. Deer, Rodney A. Nowland, Barnes, Hickam, Pantzer & Boyd,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Joel Schiff,* Deputy Attorney General, for appellee.

ROBERTSON, J.— The State Board of Tax Commissioners (Board), apparently on its own motion and under statutory authority of IND. CODE

6-1.1-14-10, reviewed the business personal property assessment of Stokely-Van Camp, Inc. (Stokely) in various counties in the State. At issue was whether Stokely could take a statutory tax advantage in the form of a 1/12 valuation instead of a 1/3 valuation as a first processer of perishable horticultural products under IC 6-1.1-3-13. Also at issue was whether Stokely could avoid paying taxes on part of the value of their truck fleet on the theory that the fleet is used out-of-state and thus the value must be allocated or be in conflict with the Commerce Clause of the United States Constitution.

The Board, again following statutory procedure (IC 6-1.1-14-11), sent notice of the review and a hearing date to Stokely. Stokely, by letter, requested that the hearing be held at Stokely's offices because of the inconvenience of bringing the books and records to the Board's offices. The State agreed and an "examining officer" (accountant) went to Stokely a number of times to examine the books. Apparently Stokely became aware through these encounters that the Board had taken the position that the tax advantage for horticultural products would apply only to products commercially grown and processed in this State.[1] Stokely requested and got an additional hearing in order to counter this interpretation of the statute. The hearing was held; however, there is no transcript of the proceeding beyond a very brief written summary by the hearing officer. The Board sent out its final determination soon thereafter not allowing the special valuation. No written findings or reasons were given by the Board for its determination.

Following the statutory procedure (IC 6-1.1-15-5), Stokely appealed to the circuit court in Johnson County. The trial court, on authority of *State Board of Tax Commissioners v. Stone City Plaza, Inc.*, (1974) 161 Ind.App. 627, 317 N.E.2d 182, limited the introduction of evidence to a review of what the Board considered. Thus, Stokely was not allowed to supplement the record with its experts. The only evidence presented

---

1. It must be noted by way of *obiter dictum* that the statute makes no mention of in- or out-of-state products, nor does the Board's regulation thereon. The Board characterizes the interpretation of the statute as an informal standard. In order to determine by "impartial authority" what products would qualify under this standard, the Board asked a Purdue argiculture professor for his opinion. He listed five. We note, again *obiter dictum*, that such material changes should be by proper promulgation of a regulation. The Board, although not under the Administrative Adjudication Act, is required to promulgate regulations under the statutes of 4-22-2-1 *et seq.*.

at trial was the Board's reasoning for the disallowance of the special valuation. The trial court found for the State and this appeal followed.

Because of our disposition, we need address only one issue and that is whether written findings are necessary by the Board after a hearing before that body. The statute under which the Board was conducting its reassessment, IC 6-1.1-14-11, does not explicitly provide for the requirement of written findings as does the procedure for review of an assessment through the auditor and Board found in IC 6-1.1-15-4.[2] We further note that the Board is explicitly excluded in IC 4-22-1-2 from the procedural requirements of the Administrative Adjudication Act. There is, however, ample authority for the concept that written findings should be required, regardless of whether the statute requires it. In Indiana, this holding has been made for zoning boards (*Carlton v. Board of Zoning Apeals*, (1969) 252 Ind. 56, 245 N.E.2d 337, 343), for employee merit boards (*Yunker v. Porter County Sheriff's Merit Board*, (1978) 178 Ind.App. 364, 382 N.E.2d 977, 983), for the industrial boards (*Delaware Machinery & Tool Co. v. Yates*, (1973) 158 Ind.App. 167, 301 N.E.2d 857), and in dictum for *all* adminstrative agencies. *Hawley v. South Bend Department of Redevelopment*, (1978) 270 Ind. 109, 383 N.E.2d 333, 336.

Davis succinctly sets forth the reasons for this requirement in his treatise:

> The practical reasons for requiring administrative findings are so powerful that the requirement has been imposed with remarkable uniformity by virtually all federal and state courts, irrespective of a statutory requirement. The reasons have to do with facilitating judicial review, avoiding judicial usurpation of administrative consideration, helping parties plan their cases for rehearings and judicial review, and keeping agencies within their jurisdiction.

K. DAVIS, ADMINISTRATIVE LAW TEXT, § 16.03 (2d ed. 1972).

---

2. IC 6-1.1-15-4 states in pertinent part:

After the hearing the board shall give these same parties notice by mail of

(1) Its final determination
(2) The reasons, in writing on which its final determination is based. . . .

> In Indiana, it is clear that the scope of review of the trial court in a Board case is limited to:
>
> . . . a consideration of whether or not there is any substantial evidence to support the findings and order of the administrative body. A court may also determine whether or not the action constitutes an abuse of discretion and is arbitrary or capricious, as revealed by the uncontradicted facts.

*Ind. State Bd. of Tax Comm. v. Holthouse Realty Corp.*, (1976) 170 Ind.App. 232, 352 N.E.2d 535, quoting *Department of Financial Institutions v. State Bank of Lizton*, (1969) 253 Ind. 172, 252 N.E.2d 248.

In order for the reviewing court to do this limited task, it is of course, necessary that written findings be before the court. Otherwise, we will find the remarkable situation as we have before us of a Commissioner testifying to explain to the trial court why the Board made the final determination they did.

We remand to the Board to make written findings. *Stone City Plaza, supra* at 185.

Lowdermilk, P.J. and Lybrook, J., concur.

NOTE—Reported at 394 N.E.2d at 209.

## ON PETITION FOR REHEARING

ROBERTSON, J. — Although IND. CODE 6-1.1-15-8 is unclear on the matter, we grant Stokely's request and reverse the trial court and remand to it with instructions that the trial court set aside the Board's final assessment and remand the case to the Board in order that the Board may reassess with written findings. In all other respects petitioners' requests are denied.

Lowdermilk, P.J. and Neal, J., concur.

NOTE—Reported at 394 N.E. 2d 211.