**STATE BOARD OF TAX COMMISSION-ERS:** **Carleton Phillippi, Durwood Strang, Taylor Morris, Jr., As Members, Defendants-Appellants,**

v.

**GATLING GUN CLUB, INC., an Indiana Not For Profit Corporation, Plaintiff-Appellee.**

No. 1–979A242.

Court of Appeals of Indiana, First District.

May 28, 1981.

Rehearing Denied July 7, 1981.

RATLIFF, Judge.

## STATEMENT OF THE CASE

The defendant-appellant State Board of Tax Commissioners appeals the judgment of the Hendricks Circuit Court in favor of the plaintiff-appellee Gatling Gun Club, Inc., on the latter's action for judicial review of the State Board of Tax Commissioners' denial of property tax exemption.[1]

We reverse and remand.

## STATEMENT OF THE FACTS

The Gatling Gun Club, Inc. (hereinafter called "the club") is a not-for-profit corporation holding title to real and personal property in Marion County. On May 11, 1976, the club filed with the Auditor of Marion County an application for a 100% property tax exemption on land, improvements, and personal property in 1976, based on charitable and educational grounds. The Marion County Board of Review disallowed the club's claim for exemption, and the club filed a petition for review by the State Board of Tax Commissioners (hereinafter called "the board"). On December 6, 1976, the board's hearing officer conducted a hearing on the claim for exemption. The hearing officer received evidence and submitted a report and recommendation to the board, advising that the exemption not be allowed. On March 4, 1977, the board announced its decision denying the exemption.

The club petitioned the Marion Superior Court for review of the board's decision. The cause was transferred by change of venue to the Hendricks Circuit Court. Indiana Code 6–1.1–15–6 provides that the transcript of proceedings which is to be filed in the circuit or superior court "shall not include the evidence compiled by the board with respect to the proceedings." Consequently, the circuit court, over the objections of counsel for the board, permitted the club to introduce testimony and exhibits which had not been introduced in the hearing before the board's hearing officer. The circuit court entered judgment on October

Linley E. Pearson, Atty. Gen., Marily S. Meighen, Deputy Atty. Gen., Indianapolis, for defendants-appellants.

William L. Soards, Thomas J. Carroll, Gerald W. Ohrn, Indianapolis, for plaintiff-appellee.

1. This appeal was fully briefed as of April 16, 1980, but the case was not assigned to this office for writing until January 13, 1981.

20, 1978, remanding the cause to the board for a hearing pursuant to the Administrative Adjudication Act, Ind.Code 4–22–1–1 et seq. [2]

Both the club and the board filed motions to correct errors, and the circuit court on December 26, 1978, granted the club's motion and ruled that the club was entitled to an exemption of "75% of the land and lots, 90% of improvements, and 100% of personal property for the tax year 1976 and subsequent years to the present time." The board filed another motion to correct errors, which was denied on June 14, 1979.

### STATEMENT OF THE ISSUES

The board presents the following issues for our review:

1. Whether the circuit court erred in admitting evidence which was not presented before or during the hearing held by the board.

2. Whether the board acted outside the scope of its delegated powers and abused its discretion in denying an exemption for the club's real and personal properties for the year 1976.

3. Whether the circuit court exceeded its authority in determining that the club was entitled to an exemption from taxation for the years 1976, 1977, and 1978.

*Issue One*

The board complains that the circuit court, over the objection of the board's counsel, permitted five persons to testify who did not testify at the hearing before the board's hearing officer and allowed two exhibits to be introduced into evidence which were not presented at the prior hearing. The board emphasizes that a court sitting in judicial review of an administrative determination may not substitute its judgment for that of the administrative body. Furthermore, the board argues that judicial review of administrative agency action is limited to a review of evidence considered by or presented to the agency, because the issue is whether, based on the evidence presented to it, the agency acted arbitrarily, capriciously, or illegally or abused its discretion.

The club contends that, without the testimony and exhibits it introduced, the only evidence for the circuit court to review was the hearing officer's one-page recommendation to the board. The club argues that the evidence of its charitable nature which it presented to the circuit court assisted the court in determining whether the board's action was arbitrary, capricious, or unreasonable.

Indiana Code 6–1.1–15–7 provides, in part, that an "appeal" [3] of the final determination of the board to the circuit or superior court "shall be tried by the court without a jury. The trial shall be governed by the Indiana rules of trial procedure." At first blush this section could give one the impression that a circuit or superior court's review of a final determination of the board is to be a trial de novo.

The case of *Uhlir v. Ritz*, (1970) 255 Ind. 342, 264 N.E.2d 312, involved a judicial review of the State Insurance Commissioner's order revoking a bail bondsman's license. Indiana Code 35–4–5–24 [4] provides that one whose bail bondsman's license has been revoked "shall have the right of appeal from such final order of the commissioner thereon to the circuit court of the county from which the bail bondsman or runner applied for his license, and such appeal shall be

---

2. The trial court apparently had in mind Ind. Code 4–22–1–9, which provides that the record of an administrative agency proceeding shall include "[t]he transcript of testimony adduced and exhibits admitted . . . ." However, the State Board of Tax Commissioners is exempt from the requirements of the Administrative Adjudication Act. Ind.Code 4–22–1–2; *State Bd. of Tax Comm'rs v. Stone City Plaza, Inc.*, (1974) 161 Ind.App. 627, 317 N.E.2d 182. Instead, Ind.Code 6–1.1–15–6, discussed in the

text, would control the contents of transcripts of the board's proceedings.

3. A court's review of the action of an administrative agency is more properly characterized as "judicial review" rather than an "appeal." *Warren v. Indiana Telephone Co.*, (1940) 217 Ind. 93, 26 N.E.2d 399.

4. Formerly Ind.Ann.Stat. § 9–3713.

heard de novo." With regard to this appeal de novo, Justice Hunter (then Chief Justice), writing for the Supreme Court noted that, although some administrative functions may be properly delegated by the legislature, the courts have a review power which they must exercise "[t]o assure that the administrative process does not exceed the bounds of justice . . . ." 255 Ind. at 344, 264 N.E.2d 312. He warned, however, that "because we must be ever aware that we operate within a tri-partite system of government, courts must carefully police the scope of their review so that they do not intrude into the area of valid administrative discretion." *Id.* Justice Hunter stated further:

"While it does not apply in bail license cases (*Department of Insurance v. Hendrickson* (1964), 245 Ind. 117, 196 N.E.2d 574[)] the Administrative Adjudication and Court Review Act, Ind.Ann.Stat. § 63–3001 *et seq.* (1961 Repl., 1970 Supp.), passed in part to provide a method of court review of certain *other,* administrative actions, shows the legislature's awareness of our proper field of activity. Under this act the line demarking an unconstitutional intrusion into the legislative sphere has been properly drawn just beyond a ruling that an administrative act was capricious, arbitrary, an abuse of discretion, in excess of statutory authority or unsupported by substantial evidence. We may make such a ruling if the facts of a case warrant it but we may not interfere with acts by an administrative body which are within the allowable scope of responsible discretion. *Department of Financial Inst. v. State Bank of Lizton* (1969), 253 Ind. 172, 252 N.E.2d 248; *City of Evansville v. Nelson* (1964), 245 Ind. 430, 199 N.E.2d 703.

"In making such a determination under that statute we must look at the facts *as they were found by the agency.* Thus, 'The court's only right or scope of review is limited to a consideration of whether or not there is any substantial evidence to support the finding and order of the administrative body.' *Department of Financial Inst. v. State Bank of Lizton, supra,* 252 N.E.2d at 250.

and if there is we may not disturb it.

"In the case at hand a special statute on court review, § 9–3713, *supra,* was enacted. It states that a review 'de novo' of a license revocation may be secured. It is the term 'de novo' which must concern us. While in the usual sense of that phrase one might envisage a complete retrial of the issues involved, our constitutional relationship with the other branches of government precludes such a review. Our legislature is aware of our duty and its scope and we will not attach to its language the innuendo that it wishes our courts to exceed the bounds of proper re-examination. Even if such was clearly mandated, we could proceed only so far in such reviews as the dictates of constitutional law permit.

"Thus, a court reviewing under a de novo statutory direction may, *to a limited extent,* weigh the evidence supporting a finding of fact by an administrative agency. *Public Service Commission v. City of Indianapolis* (1956), 235 Ind. 70, 131 N.E.2d 308. But, it may negate that finding only if, based upon the evidence as a whole, the finding of fact was

(1) arbitrary,

(2) capricious.

(3) an abuse of discretion,

(4) unsupported by substantial evidence

or

(5) in excess of statutory authority. Having, in a de novo review, found the facts to be properly determined by the administrative body, the reviewing court then proceeds to, *by applying the same standard,* determine if the order, in light of those facts, was proper. *City of Evansville v. Nelson, supra.*

"The review de novo, then has two stages, (1) a determination of the propriety of the fact-finding and (2) a determination of the propriety of the administrative order made in light of the properly found facts, and the same standard is used in both steps."

(Original emphasis.)

*Id.* at 344–46, 264 N.E.2d 312. *Accord State Board of Tax Commissioners v. Stone City Plaza, Inc.,* (1974) 161 Ind.App. 627, 317 N.E.2d 182; *Indiana State Board of Tax Commissioners v. Pappas,* (1973) 158 Ind. App. 327, 302 N.E.2d 858.

■ Thus, even where the Administrative Adjudication Act is inapplicable and another statute expressly provides for an appeal de novo, the reviewing court must go no further than to examine the propriety of the agency's facts as the agency found them and the propriety of the agency's order in light of the facts found. The reviewing court may not simply review and reweigh the evidence without giving weight to the agency's findings. *Uhlir v. Ritz, supra.*

In *State Board of Tax Commissioners v. Stone City Plaza, supra,* the board called its hearing officer, McClary, to testify at the judicial review for the purpose of describing his investigation and furnishing the facts and reasoning underlying the board's decision. However, the taxpayer objected, principally on the grounds that McClary was not a witness at the hearing and that he could not be both a judge and a witness at the hearing. The circuit court sustained the objection. After laying out the scope of the circuit court's review in such cases, Judge Lybrook wrote, "Although Board could have sustained its findings by witnesses other than its hearing officer, we fail to perceive any sufficient legal justification for the exclusion of McClary's testimony." 161 Ind.App. at 631, 317 N.E.2d 182. He went on to point out that McClary was not among those classes of persons who are statutorily rendered not competent to testify by Ind.Code 34–1–14–4 and that, as a hearing officer, McClary was not acting in a judicial capacity. Judge Lybrook then explained both the value of and the limits upon a hearing officer's testimony in such a situation:

"As stated in *Department of Financial Institutions v. State Bank of Lizton, supra,* the trial court's review is limited to an examination to determine whether there was any substantial evidence to support the finding and order of the administrative body. The court could not be in a position to detect either the presence or absence of such substantial evidence without receiving testimony as to the evidence before the Board.

"In the case at bar Board had the right to defend its order by placing its hearing officer on the witness stand, not to introduce new or extraneous evidence but *at the very least* to present the evidence acquired from his investigation and the basis of his recommendation to the Board. Because McClary was a competent witness to present relevant evidence, he should have been permitted to testify." (Original emphasis.)

161 Ind.App. at 632, 317 N.E.2d 182.

In the case at bar, the hearing officer did testify at the judicial review hearing. The issue here is whether witnesses who did not testify at the board's hearing may testify on judicial review and whether exhibits which were not introduced at the board's hearing may be introduced at the judicial review hearing.

■ We conclude that, aside from the hearing officer, who may testify regarding his investigation and his recommendation to the board, only those witnesses who testified at the board's hearing may testify at the judicial review hearing, and they may testify only to those facts to which they testified at the board's hearing. Similarly, only those exhibits introduced at the board's hearing may be introduced on judicial review. *See State Board of Tax Commissioners v. Stone City Plaza, supra.*

■ If evidence not presented to the board were admissible on judicial review, the court sitting in review would have to weigh the evidence and draw its own conclusions thereon. The court would then be intruding upon the discretionary authority of the board. A circuit or superior court sitting in review of a decision of the board is limited to a determination of whether the

facts found[5] by the board or the board's order is arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, or in excess of statutory authority. *Uhlir v. Ritz, supra.* Because IC 6–1.1–15–6 expressly provides that the transcript of the proceedings before the board "shall not include the evidence compiled by the board with respect to the proceedings," the evidence must be reconstructed on judicial review through the introduction of the same exhibits, the same testimony of the same witnesses, or the testimony of the hearing officer.

■ The circuit court committed reversible error by admitting into evidence testimony and exhibits not introduced at the hearing before the board's hearing officer. We remand the cause to the circuit court for a new hearing consistent with this decision.

*Issue Two*

Because of our resolution of Issue One, we need not discuss this issue.

*Issue Three*

Although we are reversing the judgment of the circuit court on Issue One, we deem it advisable to discuss this issue in order to give the court guidance on remand.

The board argues that the trial court erred in granting the exemptions for the years 1977 and 1978. It contends that the club sought an exemption only for 1976 and that the club could not have obtained an exemption in 1976 for any subsequent year.

■ As the board contends, the club's application for property tax exemption was for the year 1976, the board's denial of exemption was for 1976, and the club's complaint for judicial review prays for an exemption of the club's real and personal

property as of March 1, 1976. Further, as the board points out, Ind.Code 6–1.1–11–3(a) states that an application for exemption which is filed with the county auditor "must be filed annually" and "applies only for the taxes imposed for the year for which the application is filed." Accordingly, the circuit court erred in ruling that the exemption was "for the tax year 1976 and subsequent years to the present time."

Reversed and remanded.

NEAL, P. J., and ROBERTSON, J., concur.

**5.** Although the club did not raise the issue either before the circuit court or on appeal to this court, it does not appear from the record that the board issued written findings of fact. The notice given by the board of its action on the club's application for exemption merely stated that the exemption was denied for the property in question. The hearing officer's one-page report and recommendation to the board is too brief and conclusory to constitute findings of fact. Although findings of fact are not statutorily required for proceedings before the board, this court has held that written findings are necessary in order for the circuit or superior court to review the board's action. *Stokely-VanCamp, Inc. v. State Bd. of Tax Comm'rs*, (1979) Ind.App., 394 N.E.2d 209.