VAN BUREN TOWNSHIP, Madison County, Boone Township, Madison County, The Summitville Fire Protection Territory, Petitioners,

v.

DEPARTMENT OF LOCAL GOVERNMENT FINANCE, Respondent.

No. 49T10–1104–TA–27.

Tax Court of Indiana.

May 16, 2014.

Stephen W. Schuyler, Attorney at Law, David W. Stone IV, Stone Law Office & Legal Research, Anderson, IN, Attorneys for Petitioners.

Gregory F. Zoeller, Attorney General of Indiana, Thomas D. Cameron, Deputy Attorney General, Indianapolis, IN, Attorneys for Respondent.

WENTWORTH, J.

Van Buren Township, Madison County, Boone Township, Madison County, and the Summitville Fire Protection Territory have asked this Court to review the Department of Local Government Finance's (DLGF) final determination denying their levy request. Upon review, the Court affirms the DLGF's final determination.

## FACTS AND PROCEDURAL HISTORY

In 2010, Van Buren Township, Madison County, and Boone Township, Madison County ("the Townships"), entered into an agreement to establish the Summitville Fire Protection Territory. In order to fund the fire protection territory's budget, the Townships needed the DLGF's approval to impose a tax levy within their respective jurisdictions. Before they could seek the DLGF's approval, however, Indiana Code § 36–8–19–6 required them to give

notice of, and conduct, a public hearing to receive public comment on the creation of the fire protection territory.

The Townships scheduled their public hearing for March 17, 2010. The administrative record shows that Boone Township provided the following notice of that hearing:

NOTICE OF BOONE TOWNSHIP ADVISORY BOARD SPECIAL MEETING FOR THE PURPOSE OF INFORMATION ON THE FORMATION OF A FIRE TERRITORY BETWEEN BOONE TOWNSHIP AND VAN BUREN TOWNSHIP, ALL LOCATED IN MADISON COUNTY, STATE OF INDIANA

Notice is hereby given that the Advisory Board of Boone Township, Madison County, State of Indiana, will hold a special meeting at 5:00 pm, on Wednesday March 17, 2010, at the Van Buren Township Fire Department, located at 813 East Mill Street, Summitville, Indiana 46070, for the purpose of a public hearing on the creation of a Fire Territory between Van Buren Township, provider unit, and Boone Township, participating unit, Madison County, State of Indiana.

Further that the geographical description of the said Territory shall be the same as the combined geographical description of Van Buren Township, Boone Township and Duck Creek Township, Madison County, State of Indiana. The tax levy for the said territory shall be the same for the entire territory as well. Copies of the proposed Resolution will be available for public inspection at the meeting. The name and address of a representative of the Township who can be contacted for further information is Stephen W. Schuyler, 765 643 3300, 200 East 11th Street Suite 100, Anderson, IN 46106.

Dated February 25, 2010 Teresa Hiatt, Boone Township Trustee

(Cert. Admin. R. at 37.) The administrative record further provides that Van Buren Township's notice stated:

NOTICE OF VAN BUREN TOWNSHIP ADVISORY BOARD SPECIAL MEETING FOR THE PURPOSE OF INFORMATION ON THE FORMATION OF A FIRE TERRITORY BETWEEN BOONE TOWNSHIP, VAN BUREN TOWNSHIP AND DUCK CREEK TOWNSHIP, ALL LOCATED IN MADISON COUNTY, STATE OF INDIANA

Notice is hereby given that the Advisory Board of Van Buren Township, Madison County, State of Indiana, will hold a special meeting at 5:00 pm, on Wednesday March 17, 2010, at the Van Buren Township Fire Department, located at 813 East Mill Street, Summitville, Indiana 46070, for the purpose of a public hearing on the creation of a Fire Territory between Van Buren Township, Boone Township and Duck Creek Township, Madison County, State of Indiana.

Further that the geographical description of the said Territory shall be the same as the combined geographical description of Van Buren Township, Boone Township and Duck Creek Township, Madison County, State of Indiana. The tax levy for the said territory shall be the same for the entire territory as well.

Dated February 25, 2010 Harvey Stitt, Lafayette Township Trustee

(Cert. Admin. R. at 36.)

On March 24, 2010, after conducting their public hearing, the Townships presented a tax levy request to the DLGF for approval. On December 22, 2010, the DLGF issued a final determination denying the Townships' levy request, stating that because the Van Buren Township no-

tice did not comply with the statutory requirements of Indiana Code § 36–8–19–6, "no legal fire territory was created and thus the [DLGF] cannot grant the requested initial maximum levy." (Cert. Admin. R. at 222.) The Townships subsequently requested the DLGF to set aside its final determination, but the DLGF rejected their request.

On April 7, 2011, the Townships initiated this original tax appeal. The Court conducted oral argument on October 18, 2011. Additional facts will be supplied when necessary.

## STANDARD OF REVIEW

■■■ The Townships, in challenging the propriety of the DLGF"s final determination, bear the burden of demonstrating its invalidity. *See Scopelite v. Indiana Dep't of Local Gov't Fin.*, 939 N.E.2d 1138, 1145 (Ind. Tax Ct.2010). Thus, they must demonstrate to the Court that the DLGF"s final determination is arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence or in contravention of the law. *See State Bd. of Tax Comm'rs v. Gatling Gun Club, Inc.*, 420 N.E.2d 1324, 1326–29 (Ind.Ct.App.1981) (discussing the limited nature of the scope of judicial review of administrative agency decisions in general), *trans. denied. See also Scopelite*, 939 N.E.2d at 1147; *DeKalb Cnty. E. Cmty. Sch. Dist. v. Dep't of Local Gov't Fin.*, 930 N.E.2d 1257, 1260–61 (Ind. Tax Ct.2010); *Clark–Pleasant Cmty. Sch. Corp. v. Dep't of Local Gov't Fin.*, 899 N.E.2d 762, 769 (Ind. Tax Ct.2008) (discussing the Court's scope of judicial review in DLGF cases).

## DISCUSSION AND DECISION

■■■ Fire protection territories are a means by which two or more contiguous jurisdictions may pool resources for the purpose of providing fire protection and prevention services. *See* IND.CODE § 36–8–19–5 (2010). The basic requirements for establishing a fire protection territory are set forth in the following relevant portions of Indiana Code § 36–8–19–6:

(a) To establish a fire protection territory, the legislative bodies of each unit desiring to become a part of the proposed territory must adopt an ordinance (if the unit is a county or municipality) or a resolution (if the unit is a township) that meets the following requirements:

(1) The ordinance or resolution is identical to the ordinances and resolutions adopted by the other units desiring to become a part of the proposed territory.

(2) The ordinance or resolution is adopted after January 1 but before April 1.

(3) The ordinance or resolution authorizes the unit to become a party to an agreement for the establishment of a fire protection territory.

(4) The ordinance or resolution is adopted after the legislative body holds a public hearing to receive public comment on the proposed ordinance or resolution. The legislative body must give notice of the hearing under IC 5–3–1.

(b) The notice required under this section shall include the following:

(1) A list of the provider unit and all participating units in the proposed territory.

(2) The date, time, and location of the hearing.

(3) The location where the public can inspect the proposed ordinance or resolution.

(4) A statement as to whether the proposed ordinance or resolution

requires uniform tax rates or different tax rates within the territory.

(5) The name and telephone number of a representative of the unit who may be contacted for further information.

IND.CODE § 36–8–19–6(a), (b) (2010).

The Townships admit that Van Buren Township's notice did not comply with Indiana Code § 36–8–19–6(b). Specifically, they admit that the Van Buren Township notice failed to designate: 1) which Township was the fire territory's provider unit and which Township was the participating unit; 2) the location where the public could inspect the proposed resolution creating the fire territory; and 3) who could be contacted for further information and how. (*Compare* Oral Arg. Tr. at 11–13 *with* I.C. § 36–8–19–6(b)(1), (3), (5).) Moreover, they admit that the Van Buren Township notice erroneously included Duck Township and erroneously listed Harvey Stitt's title as "Lafayette Township Trustee" instead of "Van Buren Township Trustee." (*See* Oral Arg. Tr. at 10–11.) Even so, the Townships argue on appeal that the DLGF's final determination denying their levy request was improper because a reasonable person would not have been misled by the Van Buren Township notice's defects. The Townships assert that because "[t]he pair of notices were published on the same days in the same newspaper" and thus "when read together[, they] contain[ed] all the information

that [was] necessary" under Indiana Code § 36–8–19–6(b).[1] (Pet'r Br. at 4; Oral Arg. Tr. at 8, 13.) (*See also* Pet'r Br. at 6 (stating that "[a]nyone who takes the time to read legal notices is more than likely going to read all [the] notices that relate to the same subject matter"); Pet'r Reply Br. at 2 (stating that "[t]he omissions and incorrect statements in the Van Buren [Township] notice were not fatal[ because t]hey were fully cured by the other publication").)

Unfortunately for the Townships, the Court cannot determine whether there is any merit to their argument because the administrative record in this case is completely devoid of any evidence demonstrating that the two notices were in fact published on the same days in the same newspaper. (*See* Cert. Admin. R.; Oral Arg. Tr. at 13–14.) Accordingly, the Court cannot find the DLGF's final determination was improper. The Townships' request for relief is therefore denied.

## CONCLUSION

For the foregoing reasons, the DLGF's final determination in this matter is AFFIRMED.

---

1. The Townships were required to give notice of their public hearing under Indiana Code § 5–3–1. *See* IND.CODE § 36–8–19–6(a) (2010). Indiana Code § 5–3–1–2.3 provides that a notice "published in accordance with this chapter or any other Indiana statute is valid even though [it] contains errors or omissions, as long as … a reasonable person would not be misled" thereby. IND.CODE § 5–3–1–2.3(a)(1) (2010).